THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Quincy Maurice Nash, Appellant.
 
 
 

Appeal From Spartanburg County
Lee S. Alford, Circuit Court Judge
Unpublished Opinion No. 2009-UP-388
Submitted June 1, 2009  Filed July 8,
 2009    
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John M. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. Thames, all of Columbia; and Solicitor Harold W.
 Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: 
 Quincy Maurice Nash appeals his convictions and sentences for (1) intent to distribute crack cocaine within one-half
 mile of school; (2) possession with intent to distribute cocaine within
 one-half mile of school; (3) possession with intent to distribute cocaine; and
 (4) possession with intent to distribute cocaine base and/or crack cocaine. We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  
1.  Regarding Nashs
 claim the trial court erred in upholding the magistrates finding that the no-knock warrant was justified:  Richards
 v. Wisconsin, 520 U.S. 385, 394 (1997) (holding in order to justify a
 no-knock entry, the police must have a reasonable suspicion that knocking and
 announcing their presence, under the particular circumstances, would be
 dangerous or futile, or that it would inhibit the effective investigation of
 the crime by, for example, allowing the destruction of evidence); State v.
 King, 349 S.C. 142, 150, 561 S.E.2d 640, 644 (Ct. App. 2002) (stating a
 search warrant may issue only upon a finding of probable cause, and
 "[t]his determination requires the magistrate to make a practical,
 common-sense decision of whether, given the totality of the circumstances set
 forth in the affidavit, including the veracity and basis of knowledge of
 persons supplying information, there is a fair probability that contraband or
 evidence of a crime will be found in a particular place.).
2.  Regarding whether use of a
 tactical team to arrest Nash was unreasonable under the federal and state
 Constitutions:  In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732
 (2004) (An issue may not be raised for the first time on appeal.  In order to
 preserve an issue for appeal, it must have been raised to and ruled upon by the
 trial court.). 
 AFFIRMED.[1]
 HUFF,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.